IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YAHYA J. AHMED | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-0682 |
| | ) | TRAUGER/BRYANT |
| DAVIDSON COUNTY SHERIFF'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By order entered July 21, 2011, (Docket Entry No. 4), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

On July 14, 2011, plaintiff filed this *pro se* action *in forma pauperis*, (Docket Entry Nos. 1, 2), under 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment, Fifth Amendment, Religious Freedom Restoration Act, and Religious Land Use and Institutionalized Persons Act. Plaintiff amended his complaint on September 12, 2011. (Docket Entry No. 12).

On October 18, 2011, defendants Davidson County Sheriff's Office and Davidson County Sheriff's Office SORT Team[1] (collectively "DCSO defendants") filed a motion to dismiss the amended complaint, on grounds that they are not legal entities capable of being

---

[1] In their filings, neither plaintiff nor defendants ever actually explain what the SORT Team is or what its role is within the jail. From the record, however, it appears to have been responsible for maintaining jail security and performing contraband searches. (Docket Entry No. 25 at 7).

1

sued.² (Docket Entry No. 15). To date, plaintiff has not responded.³

As further explained below, the undersigned recommends that the defendants' motion to dismiss plaintiff's claims against them be GRANTED.

## II. Factual Background

Plaintiff alleges the following in support of his complaint:

Plaintiff is currently in the custody of the Davidson County Sheriff's Office and is currently confined in Nashville, Tennessee. (Docket Entry No. 12 at 1).

On June 13, 2011, plaintiff claims that Jamie Johnson and the Davidson County SORT Team entered plaintiff's cell and "kicked him, stomped on his wrist, used excessive force while throwing him to the floor, and busted his lip (drawing blood)." (Id. at 3). Plaintiff further claims that he was fasting at the time the SORT Team entered and that the SORT Team's actions broke his fast. (Id.). After the incident was over, plaintiff asserts that he filed internal grievances and "sick calls," but that jail officials never responded to his grievance and medical staff never examined his injuries. (Id. at 3-4).

---

² The undersigned notes that the amended complaint reflects some ambiguity concerning precisely what governmental entity or entities plaintiff intended to sue. The caption of the complaint identifies "Davidson County" as a defendant, as well as the "Davidson County Sheriff Office SORT Team," but does not name the Sheriff's Office as a whole. (Docket Entry No. 12). Later in the amended complaint, where plaintiff lists "Defendants against whom this lawsuit is brought," plaintiff makes no mention of Davidson County or the Sheriff's Office, but does still list the SORT Team. The undersigned further notes, however, that plaintiff attempted to execute service on the Davidson County Sheriff's Office, (Docket Entry No. 29), clearly indicating plaintiff's desire to include the Sheriff's Office as a defendant.

³ Plaintiff did file a document on November 7, 2011 titled "Response in Opposition to Defendant Daron Hall, Jamie Johnson, and Thomas Walker's Answer to Plaintiff Yahya J. Ahmed's Complaint." (Docket Entry No. 26). However, this document does not appear to address DCSO defendants' arguments.

### III. Conclusions of Law

A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Although FED. R. CIV. P. 8(a)(2) requires merely a "short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). He must plead well enough so that his complaint is more than a "formulaic recitation of the elements of a cause of action." Id. at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). Nevertheless, the court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 129 S. Ct. at 1949-50; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff." Iqbal, 129 S. Ct. at 1950.

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

B. Analysis of the Motion

DCSO Defendants seek to dismiss plaintiff's complaint against them, pursuant to FED. R. CIV. P. 12(b)(6), for failing to state a claim upon which relief can be granted. (Docket Entry No. 15).[4] Specifically, defendants assert that they are not "legal entities capable of being sued" (id. at 2), and that plaintiff therefore fails to state a claim against defendants upon which relief can be granted.

The Middle District of Tennessee recently addressed this issue in Mathes v. Metropolitan Government of Nashville and Davidson County, noting that over the last several years, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." 2010 WL 3341889, No. 3:10-cv-0496, at *2 (M.D. Tenn. Aug. 25, 2010). As the Mathes Court noted, FED. R. CIV. P. 17(b) establishes that capacity to sue or be sued for any entity other than a corporation or an individual is determined "by the law of the state where the court is located." See also Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the district court's dismissal of the Franklin County Sheriff's Office on grounds that "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting that "[s]ince the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [plaintiff's] complaint").

Under Tennessee law, anyone "incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may

---

[4] Defendants do not explicitly invoke rule 12(b)(6) in their motion, but do invoke it in their supporting memorandum. (Docket Entry No. 16).

bring suit against the *county* in which the sheriff serves." TENN. CODE ANN. § 8-8-302(b) (emphasis supplied).  The Mathes Court read this statute to implicitly prohibit suits against the sheriff's department itself, and the court further noted that every Tennessee district court to consider the issue since the Sixth Circuit decided Matthews has come out the same way. Mathes, 2010 WL 3341889, at *2 (citing cases).

### IV. Recommendation

Finding the facts of this case to fall cleanly within the scope of Mathes v. Metropolitan Government, the undersigned recommends that the DCSO defendants' motion to dismiss be GRANTED and that all charges against the Davison County Sheriff's Office and SORT Team be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 8th day of December, 2011.

s/ *John S. Bryant*
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE