IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| YAHYA J. AHMED, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 3:11-0682 |
| JAMIE JOHNSON, | ) ) | Judge Trauger/Bryant |
| Defendant | ) ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

Currently pending in this action under 42 U.S.C. § 1983 is the defendant's motion for summary judgment (Docket Entry No. 61). As further explained below, having considered this motion and the respective papers, the undersigned Magistrate Judge hereby recommends that defendant's motion be GRANTED.

### II. Factual Background

The plaintiff has not opposed defendant's motion for summary judgment. Under Local Rule 56.01(g), "[f]ailure to respond to a moving party's statement of the material facts … within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." L. R. 56.01(g), M.D. Tenn. This motion for summary judgment was filed by the defendant on April 30, 2012 along with a certificate of service. (Docket Entry No. 61). Service was signed as received by the plaintiff on May 15, 2012. (Docket Entry No. 67). In the Middle District of Tennessee, "Each party opposing a motion [for summary judgment] shall serve and file a response, memorandum, affidavits and other responsive material not later than … twenty-one (21) days after the service of the motion,

unless otherwise ordered by the Court." L. R. 7.01(b), M.D. Tenn.  To date, the plaintiff has made no response to the defendant's motion for summary judgment.  Pursuant to Local Rule 56.01(g), the defendant's statement of the facts, properly supported by his declaration (Docket Entry No. 64), will be considered undisputed for the purpose of resolving defendant's motion for summary judgment.

The plaintiff Yayha Ahmed brought various claims against a number of defendants stemming from his allegation that while he was a pretrial detainee he was forcibly removed from his cell by the Davidson County Sheriff's Office ("DCSO") SORT Team on June 13, 2011. (Docket Entry No. 61, p. 1).  In his complaint for violation of civil rights under 42 U.S.C. § 1983 filed on July 14, 2011, the plaintiff alleged that he was kicked in the face, that his lip was "busted" during the extraction, and that "someone stomped on his wrist."  *Id*.  All but one of the plaintiff's claims were dismissed by Order of this Court on March 21, 2012.  (Docket Entry No. 62, p. 2).  This motion for summary judgment filed by the defendant arises out of the plaintiff's remaining excessive force claim against the defendant Jamie Johnson in his personal capacity. *Id*.

According to his declaration, the defendant Jamie Johnson was employed by the DCSO as an Assistant Administrator of Security on June 13, 2011. (Docket Entry No. 64, ¶¶ 2, 3).  The defendant was not present on the floor of the Criminal Justice Center where the events in question occurred, nor did he direct any member of the DCSO SORT Team to use excessive force against the plaintiff during any encounter on June 13, 2011.  (Docket Entry No. 64, ¶¶ 5, 6).  The plaintiff admits that he never had any interaction with the defendant Jamie Johnson on or around June 13, 2011.  (Docket Entry No. 63, p. 1).  A DVD depicting the events in question

2

was submitted with a Notice of Filing. (Docket Entry No. 17). The defendant watched the DVD, which depicted the plaintiff emerging from his cell (1:16-1:34) as well as when he returned to his cell (16:50-17:20). (Docket Entry No. 64, ¶ 7). The DVD also reveals that a straight razor, which was hidden in deodorant, was recovered from the plaintiff's cell. (Docket Entry No. 64, ¶ 8).

### III. Conclusions of Law

A. <u>Standard of Review</u>

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n. 4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment may be entered if appropriate. Fed. R. Civ. P. 56(e)(3). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

3

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

    B. Analysis of the Motion

        1. Constitutional Rights at Issue

The plaintiff brings his claim against the defendant under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. "Section 1983 prohibits a person 'acting under color of state law' from depriving an individual 'of a right secured by the Federal Constitution or laws of the United States.'" *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010)(quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). The Eighth Amendment protects convicted prisoners from the use of excessive force. *Griffin*, 604 F.3d at 953 (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). However, where a pretrial detainee brings suit alleging the constitutional tort of excessive force, the claim may be analyzed under the Due Process Clause of the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989); *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008); *United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007).

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Leary*, 528 F.3d at 443 (quoting *Graham*, 490 U.S. at 395 n. 10). The law remains unsettled as to whether the Eighth Amendment and Fourteenth Amendment require distinct analyses for an excessive force claim. *Griffin*, 604 F.3d at 953. *See also Leary*, 528 F.3d at 443 (stating that whether the Due Process

4

Clause provides greater protection to pretrial detainees than the Eighth Amendment does is unclear, but is not necessary to resolve.). At the least, pretrial detainees are guaranteed the same level of protection guaranteed by the Eighth Amendment. *See Whitley*, 475 U.S. at 327.

The *Griffin* court discussed an unreported Sixth Circuit opinion laying out "the appropriate test" for a claim alleging an Eighth Amendment violation of a pretrial detainee's right against excessive force. 604 F.3d at 953-54 (discussing *Watkins v. Evans*, 1996 WL 499094, at *2 (6th Cir. Sept. 3, 1996)(not reported)).[1] The appropriate test under the Eighth Amendment is whether the defendant caused "unnecessary and wanton infliction of pain." *Griffin*, 604 F.3d at 953 (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)). The claim carries an objective and subjective component. *Id.* at 954 (quoting *Watkins*, 1996 WL 499094, at *2). *See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious. *Griffin*, 604 F.3d at 954 (quoting *Watkins*, 1996 WL 499094, at *2). *See also Hudson*, 503 U.S. at 8-9; *Moore*, 2 F.3d at 700. The subjective component requires that the offending, non-penal conduct be wanton. *Griffin*, 604 F.3d at 954 (quoting *Watkins*, 1996 WL 499094, at *2). *See also Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991); *Moore*, 2 F.3d at 700.

The key inquiry to resolve whether a pretrial detainee has had his Fourteenth Amendment Due Process right against excessive force violated is "whether [the detention conditions] amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). *See also United States v. Budd*, 496 F.3d 517, 530 (6th Cir. 2007)("This circuit has relied on *Graham* for the

---

[1] The defendant relies heavily on the *Watkins* opinion in his exposition of the Eighth Amendment standard. The Sixth Circuit in *Griffin* did not necessarily adopt the reasoning of the *Watkins* court, but it saw fit to analyze the motions of the parties and the district court's opinion under *Watkins*.

5

proposition that the Due Process Clause protects a pretrial detainee from 'excessive force that amounts to punishment.'").

The defendant sufficiently addresses the relevant standards for both the Eighth Amendment and the Fourteenth Amendment Due Process Clause guarantees against excessive force. Further discussion of those standards is unnecessary. Based on the undisputed facts of the case, no reasonable jury could find that the defendant in his personal capacity violated the plaintiff's Constitutional right against excessive force.

2. Causation

The defendant argues that he is entitled to summary judgment based on the undisputed fact that he had no personal involvement with any alleged excessive force used against the plaintiff. The court is required to construe the facts in the light most favorable to the nonmoving party on consideration of a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *SEC v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). However, even construing the facts in their most favorable light for the plaintiff, the facts cannot establish any actionable liability theory against the defendant in his individual capacity under the plaintiff's § 1983 civil rights claim. To state a § 1983 claim, a plaintiff must allege the personal involvement of a defendant. *Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978) (holding that "Congress did not intend § 1983 liability to attach where […] causation was absent."). Where the defendant is a supervisor to another actor alleged to have harmed the plaintiff, the Sixth Circuit has held that "[a]t a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Taylor v. Michigan Dept. of Corrections*, 69 F.3d 76, 80-81 (6th Cir.

6

1995)(quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Id*.

The undisputed facts for the purpose of this motion for summary judgment cannot support a finding that the defendant either "encouraged" or "in some other way participated in" any conduct resulting in the infliction of excessive force against the plaintiff. The plaintiff does not dispute that the defendant had no interaction with the plaintiff on or about June 13, 2011, nor that the defendant was not working on the same floor where the plaintiff was held on that day. Furthermore, the plaintiff does not dispute that the defendant "did not authorize or direct any member of the DCSO SORT Team to use excessive force against Plaintiff during any encounter that they had with him on or about June 13, 2011." (Docket Entry No. 61, p. 2).

Based on these facts, the plaintiff has failed to make a showing that the defendant even "implicitly authorized, approved or knowingly acquiesced" in any conduct leading to excessive force being used against the plaintiff. Because the plaintiff has failed to make this showing, he has failed to present "specific facts demonstrating that there remains a genuine issue of material fact for trial" on the issue of the personal involvement of the defendant. *See Celotex*, 477 U.S. at 325. Therefore, the plaintiff has failed to show "that a reasonable jury could return a verdict for [him]." *See Anderson*, 477 U.S. at 248.

### 3. Local Rule 7.01

Local Rule 7.01(b) states that "Failure to file a timely response shall indicate that there is no opposition to the motion." L. R. 7.01(b), M.D. Tenn. *See* discussion of L.R. 56.01(g), *supra* at 1. The defendant has carried his burden through submission of his unopposed

7

declaration demonstrating that there is no genuine dispute as to the defendant's having had any involvement with the alleged incident. The plaintiff as a matter of law has failed to carry his burden through his failure to timely respond to defendant's motion. Therefore, the defendant is entitled to summary judgment, and consideration of the defendant's alternative summary judgment arguments need not be undertaken.

    4. Conclusion

    Summary judgment is appropriate where there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Here, the defendant has carried his burden in showing that no genuine dispute exists as to the defendant's lack of personal involvement or connection to any alleged excessive force against the plaintiff. Because the defendant's non-involvement is not disputed, no liability can be established against the defendant and no reasonable jury could find in favor of the plaintiff on his Section 1983 claim.

### IV. Recommendation

    In light of the foregoing, the Magistrate Judge hereby recommends that defendant's motion for summary judgment (Docket Entry No. 61) be GRANTED.

    Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 31st day of July, 2012.

                                                                s/ John S. Bryant
                                                                 JOHN S. BRYANT
                                                                 UNITED STATES MAGISTRATE JUDGE